IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:24-CR-73-TAV-DCP |
| ) | |
| LASHAUN JONES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Motion to Review Attorney Appointment [Doc. 119], filed by Mary J. Newton ("Attorney Newton") on October 14, 2025. 28 U.S.C. § 636(b). The parties appeared before the Court for a hearing on October 20, 2025. Assistant United States Attorney Michael Gilmore ("AUSA Gilmore") appeared on behalf of the Government. Attorney Newton appeared on behalf of Defendant Lashaun Jones, who was also present. CJA Panel Attorney Corey B. Shipley ("Attorney Shipley") was also present at the Court's request.

In the motion, Attorney Newton states that "the attorney-client relationship has deteriorated to the point that counsel cannot effectively work with Ms. Jones to properly conclude her case" [Doc. 119]. Attorney Newton asks for new counsel to be appointed to represent her.

At the hearing, Attorney Newton stated that there were no further details concerning the basis for the motion that could be shared with the Court outside of a sealed hearing. AUSA Gilmore stated that the Government had no position on the motion.

The Court then conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship, and specifically, to ask more detailed questions of Attorney Newton and Defendant Jones. Without going into the

confidential nature of that discussion, the Court notes that both Attorney Newton and Defendant Jones responded to the Court's inquiries as reasonably necessary to satisfy the Court that there are sufficient grounds to warrant substitution of counsel based on a strained attorney-client relationship, suffering from a breakdown of communication and trust that has significantly impaired Attorney Newton's ability to effectively represent Defendant Jones and to render effective assistance of counsel. Accordingly, the Court finds that good cause exists to grant Attorney Newton's request to withdraw and to substitute counsel. *See United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (requiring a defendant to show good cause for substitution of counsel (citations omitted)).

Based upon good cause shown, the Motion to Review Attorney Appointment [Doc. 119] is **GRANTED**. Attorney Newton is relieved as counsel of record for Defendant Jones and Attorney Newton is **DIRECTED** to provide new counsel with discovery and the information from Defendant's file. The Court recognizes the need for Defendant to be represented continuously by counsel. Attorney Shipley was present at the hearing and agreed to accept representation of Defendant.[1] The Court **SUBSTITUTES** and **APPOINTS** Attorney Shipley under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant.

Accordingly, it is **ORDERED**:

(1) The Motion to Review Attorney Appointment [**Doc. 119**] is **GRANTED**;

(2) Attorney Newton is **RELIEVED** of further representation of Defendant, and Attorney Newton is **DIRECTED** to provide new counsel with the discovery and information from Defendant's file; and

---

[1] The undersigned notes that the October 23, 2025 pretrial conference date and November 4, 2025 trial date were reviewed at the hearing and that Attorney Shipley indicated that he will be filing a motion to continue.

(3) Attorney Shipley is **SUBSTITUTED** and **APPOINTED** as Defendant's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

3

Case 3:24-cr-00073-TAV-DCP    Document 122    Filed 10/21/25    Page 3 of 3    PageID #: 565