UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-73-TAV-DCP |
| | ) | |
| LASHAUN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Lashaun Jones' Unopposed Motion to Continue Pretrial Conference, Pretrial Deadlines, and the Trial Date [Doc. 123], filed on October 21, 2025.

Defendant requests the Court to continue the pretrial conference, set for October 23, 2025, the current pretrial deadlines, and the trial date, set for November 4, 2025, by approximately ninety-days [*Id.* at 1]. In support of his motion, Defendant notes her counsel was appointed on October 20, 2025 [*Id.* ¶ 1]. Defendant states that a ninety-day continuance would allow her counsel to receive and review discovery in full, research and prepare any pretrial motions, conduct investigation and mitigation development, consult with Defendant regarding strategy and potential resolution, and, if necessary, retain and consult with defense experts [*Id.* ¶ 3]. The Government confirmed via email to the Court that it did not oppose the continuance. Defendant's counsel confirmed via telephone to the Court that he had spoken with Defendant and that she understood and waived the impact of the motion to continue on her right to a speedy trial.

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to review discovery, conduct research, consider pretrial motions, consult with counsel, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 4, 2025 trial date.

The Court therefore **GRANTS** Defendant Lashaun Jones' Unopposed Motion to Continue Pretrial Conference, Pretrial Deadlines, and the Trial Date [**Doc. 123**]. The trial of this case is reset to **February 24, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 21, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Lashuan Jones' Unopposed Motion to Continue Pretrial Conference, Pretrial Deadlines, and the Trial Date [**Doc. 123**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 24, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 21, 2025**, and the new trial date of **February 24, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

2

(4) the deadline for filing pretrial motions is extended to **November 21, 2025,** and responses to motions are due on or before **December 5, 2025;**

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 23, 2026**;

(6) the deadline for filing motions *in limine* is **February 9, 2026**. Responses to motions *in limine* are due on or before **February 17, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **February 10, 2026, at 1:30 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 13, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge