UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-73-TAV-DCP |
| | ) | |
| LASHAUN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Lashaun Jones's Motion to Continue Pretrial Motions Deadline, Other Deadlines, and to Continue the Trial Date [Doc. 125], filed on November 21, 2025.

Defendant requests the Court to continue the pretrial motions deadline, plea deadline, and the current trial date for approximately sixty days [*Id.* at 1–2]. In support of her motion, Defendant states that she was appointed counsel on October 20, 2025 [*Id.* ¶ 1]. Additional time is needed to thoroughly review the discovery, analyze the charges, and prepare any appropriate pretrial motions [*Id.* ¶ 2]. While Defendant's counsel conferred with Defendant at her initial appearance, counsel requires additional time to complete a preliminary review of the discovery materials to ensure meaningful consultation with Defendant and allow for substantive discussion concerning the evidence and her specific options [*Id.* ¶ 3]. Further, Defendant is currently in custody, and coordinating confidential attorney-client visits and communications requires additional time and logistical planning [*Id.* ¶ 4]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 6]. Defendant submits that the ends of justice served by granting a continuance

outweigh the best interests of the public and her interest in a speedy trial, and that the time from the current settings through the new settings should be excluded accordingly [*Id.* ¶ 7].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to receive assistance from and confer with counsel, receive discovery, consider pretrial motions and any potential plea, and otherwise prepare for trial. The Court finds that all of this cannot occur before the February 24, 2026 trial date.

The Court therefore **GRANTS** Defendant Lashaun Jones's Motion to Continue Pretrial Motions Deadline, Other Deadlines, and to Continue the Trial Date [**Doc. 125**]. The trial of this case is reset to **May 5, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 21, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Lashaun Jones's Motion to Continue Pretrial Motions Deadline, Other Deadlines, and to Continue the Trial Date [**Doc. 125**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 6, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 21, 2025**, and the new trial date of **May 6, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is **December 22, 2025.** Responses to the pretrial motions are due **January 5, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 3, 2026**;

(6) the deadline for filing motions *in limine* is **April 20, 2026**. Responses to motions *in limine* are due on or before **April 28, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 21, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 24, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge