UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
v. ) No. 3:24-CR-73-TAV-DCP
)
LASHAUN JONES, )
)
Defendant. )

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Lashaun Jones' Unopposed Motion to Continue Trial Date [Doc. 132], filed on March 30, 2026.

Defendant asks the Court to continue the current trial date, which is set for May 6 2026, and the plea deadline, set for April 3, 2026 [*Id.*]. In support of her motion, Defendant states that her counsel and the Government are actively engaged in plea discussions in an effort to resolve this matter without trial; however, no resolution has been reached [*Id.* ¶ 3]. Further, Defendant's counsel has a scheduling conflict during the week of May 3, 2026 [*Id.*]. The motion reflects that the Government does not oppose the request [*Id.* ¶ 4]. Defendant's counsel represented to the Court at a hearing that Defendant understood her speedy trial rights and consented to the relief requested herein.[1]

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

---

[1]    The referenced hearing was held on April 21, 2026 [*see* Doc. 134], where the trial schedule was reviewed, and Defendant's counsel addressed the Motion to Continue Trial Date [Doc. 132].

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to work towards a resolution of this matter, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the May 6, 2026 trial date.

The Court therefore **GRANTS** Defendant Lashaun Jones' Unopposed Motion to Continue Trial Date [**Doc. 132**]. The trial of this case is reset to **August 4, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on March 30, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Lashaun Jones' Unopposed Motion to Continue Trial Date [**Doc. 132**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 4, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 30, 2026**, and the new trial date of **August 4, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 2, 2026**;

(5) the deadline for filing motions *in limine* is **July 20, 2026**, and responses to motions *in limine* are due on or before **July 28, 2026**;

(6)  the parties are to appear before the undersigned for a final pretrial conference on **July 16, 2026, at 11:00 a.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 24, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge