UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )          No. 3:24-CR-73-TAV-DCP
                                   )
LASHAUN JONES,                     )
                                   )
                    Defendant.     )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Lashaun Jones' Unopposed Motion to Continue Trial, Extend Plea Deadline, and Reset All Pretrial Deadlines on July 14, 2026, as revised [Docs. 148, 150], with [Doc. 150] appearing to reflect a correction of the trial date from August 11, 2026 to August 4, 2026. Accordingly, the Court **DENIES** [**Doc. 148**] as **MOOT**.

Defendant asks the Court to continue the August 4, 2026 trial date, and plea deadline of July 6, 2026 [Doc. 150 p. 1]. In support of her motion, Defendant states that she is the only defendant in this drug trafficking conspiracy case who has not entered into a plea agreement [*Id.* ¶ 1]. Defendant's undersigned counsel was appointed as substitute counsel on June 24, 2026, and is Defendant's third CJA attorney [*Id.* ¶ 3]. Defendant explains that while awaiting receipt of the Rule 16 discovery, Defendant and the Government began engaging in plea discussion, and the Court extended the plea deadline to July 13, 2026 [*Id.* ¶ 3 (citing Doc. 145)]. Due to miscommunication with Defendant's former counsel and the AUSA's office, Defendant's current counsel did not receive a copy of the Rule 16 discovery until two business days before the July 13,

2026 plea deadline [*Id.* ¶ 4]. Despite due diligence in reviewing the recently obtained discovery and consultations between Defendant and her counsel, her counsel is not satisfied that Defendant has had sufficient information or time to make a fully informed "plea versus trial decision" [*Id.* ¶ 5]. Defendant represents that that the Government has no objection to the requested continuance of the trial and scheduling a new plea filing deadline [*Id.* ¶ 7]. Defendant is aware of her speedy trial rights and waives for the purposes of a new trial date [*Id.* ¶ 9].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs more time to consider a plea agreement, and if that is not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the August 11, 2026 trial date.

The Court therefore **GRANTS** Defendant Lashaun Jones' Revised Unopposed Motion to Continue Trial, Extend Plea Deadline, and Reset All Pretrial Deadlines [**Doc. 150**]. The trial of this case is reset to **October 13, 2026.** A new schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motions on July 14, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A)–(B).

2

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Lashaun Jones' Revised Unopposed Motion to Continue Trial, Extend Plea Deadline, and Reset All Pretrial Deadlines [**Doc. 150**] is **GRANTED**;

(2) Defendant Lashaun Jones' Unopposed Motion to Continue Trial, Extend Plea Deadline, and Reset All Pretrial Deadlines [**Doc. 148**] is **DENIED AS MOOT;**

(3) the trial of this matter is reset to commence on **October 13, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) all time between the filing of the motions on **July 14, 2026**, and the new trial date of **October 13, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 11, 2026**;

(6) the deadline for filing motions *in limine* is **September 28, 2026**, and responses to motions *in limine* are due on or before **October 6, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **September 24, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 2, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

3